*Masterson & Gaunt, J. J. Landrum, for appellee.*

---

RED RIVER IRON MANUFACTURING CO. *v.* A. F. RAINEY.

[Abstract Kentucky Law Reporter, Vol. 7—226.]

**Burden of Proof in Ejectment.**

> In an action of ejectment the burden is on the plaintiff to establish every fact necessary to be shown in order to recover. He recovers on the strength of his own right and not upon the weakness of his adversary.

APPEAL FROM POWELL CIRCUIT COURT.

September 29, 1885.

OPINION BY JUDGE PRYOR:

It is conceded that Kirkpatrick entered under the appellee, Rainey, as purchaser, obtained his deed and took possession of the entire tract to the extent of his boundary. The proof shows his vendor, and those under whom he claims had been in the possession since the date of the patent in 1853, claiming the entire land and exercising such acts of ownership as indicated a holding as a matter of right. The appellant had an agent supervising their lands, and at no time do they show that any effort was made to disturb or eject the vendors of Kirkpatrick, nor does the appellant seem to have been aware of its title until the defense made by Kirkpatrick against the enforcement of Rainey's lien. The patent of Franklin covers a large boundary of land, and as the proof shows embraces the land in dispute, and with an actual possession, holding under the elder patent, would be presumed to hold to the extent of the patent calls.

The appellant in this case, however, is the real plaintiff, and must recover on the strength of his own title. Kirkpatrick makes the appellant a defendant to his cross-petition, setting up a defect of title in his vendor Rainey; and the appellant by way of answer and cross-

petition, alleges that it is the owner of the land. The burden was on the appellant to establish every fact necessary to be shown, in order to a recovery, on an action of ejectment.

The appellant produces the Franklin patent made many years before the patent under which the appellee claims, and then shows a connected title down to John E. Mason in 1849, and no other paper title is shown, except a commissioner's deed to appellant in 1873, and the decree upon which it is based. The record fails to show who were the parties to the action in which this commissioner's deed was obtained. It is shown by the statement of one Vaughn, that Mason released his claim to Jackson over all the land in a circle of four miles from Estill Furnace, and Vaughn says that this land, including the land in dispute, has been in the peaceable, continued, adverse possession of Owens, Mason and others claiming under them, from the year 1829.

We think it well established that Kirkpatrick and those under whom he claims, were in the possession of this land, and the appellant failing to show title, the judgment below must be affirmed.

Judgment *affirmed.*

*H. C. Lilly & Son, for appellant.*

*A. T. Wood, for appellee.*